# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REALTIME DATA LLC d/b/a IXO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2062-CFC |
| | ) | |
| ARYAKA NETWORKS, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

### ARYAKA NETWORKS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

OF COUNSEL:

Josh M. Masur
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, CA 94063
(650) 434-8538
jmasur@zuberlaw.com

Kenneth L. Dorsney (#3726)
Erin E. Larson (#6616)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
elarson@morrisjames.com

*Attorneys for Defendant*
ARYAKA NETWORKS, INC.

Dated: April 8, 2019

## **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ............................................................................... 1

SUMMARY OF ARGUMENT ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT ..................................................................................................................................... 3

    I.     Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)(6) ....................................................... 3

    II.    The Asserted Patents Fail to Claim Patent-Eligible Subject Matter Under 35 U.S.C. § 101 ............................................................................................................ 3

    III.   Because the '728 Patent Expired Before Aryaka Received Actual or Constructive Notice Thereof, No Relief Can Be Granted for Any Alleged Infringement ................................................................................................................. 3

CONCLUSION .................................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) .................................................................. 1, 2, 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 3

*Dunlap v. Schofield*,
    152 U.S. 244 (1894) ........................................................................................ 1, 5

*Illinois Tool Works, Inc. v. Grip–Pak, Inc.*,
    906 F.2d 679 (Fed. Cir. 1990) ............................................................................ 4

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ............................................................................ 3

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996) ........................................................................ 1, 5

*Umland v. Planco Fin. Servs.*,
    542 F.3d 59 (3d Cir. 2008) ................................................................................. 3

*VLSI Technology LLC v. Intel Corp.*,
    No. 18-966-CFC, D.I. 110 (D. Del., Mar. 26, 2019) ......................................... 3

**Statutes**

35 U.S.C. § 101 .................................................................................................. 1, 3, 6
35 U.S.C. § 154 ....................................................................................................... 2, 4
35 U.S.C. § 283 .......................................................................................................... 3
35 U.S.C. § 284 .......................................................................................................... 3
35 U.S.C. § 286 .......................................................................................................... 4
35 U.S.C. § 287 ................................................................................................. passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 3, 6
Fed. R. Civ. P. 8 ........................................................................................................ 2

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Realtime Data LLC d/b/a IXO's ("Realtime") filed its Complaint and suit against Defendant Aryaka Networks, Inc. ("Aryaka") on December 28, 2018.  D.I. 1.  Realtime extended Aryaka's time to respond to the Complaint on January 24, 2019, February 19, 2019, and March 19, 2019.  D.I. 6-8.

## SUMMARY OF ARGUMENT

Aryaka hereby moves to dismiss Realtime's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on two grounds.

*First,* the Complaint should be dismissed in its entirety because United States Patent Nos. 9,054,728 ("the '728 patent"); 9,667,751 ("the '751 patent"); 7,415,530 ("the '530 patent"); and 9,116,908 ("the '908 patent") (collectively, the "Asserted Patents") fail to claim patent-eligible subject matter under 35 U.S.C. § 101.

*Second*, the Complaint should also be dismissed because Realtime has not pled that it has complied with its obligations under 35 U.S.C. § 287(a).  Section 287(a) requires that "[i]n the event of failure … to mark" any patented article made, offered for sale, sold, or imported by a patentee or its licensees, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."  It is black-letter law that "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 143, 202 L. Ed. 2d 34 (2018) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)).  Because the Complaint does not plead that

authorized products were marked as required, nor that Aryaka was notified of the alleged infringement prior to expiration of the '728 patent, Realtime fails to state a claim for infringement of the '728 patent upon which any relief could be granted.

## STATEMENT OF FACTS

Aryaka incorporates by reference the statements of facts contained in the moving and reply papers filed in the related action *Realtime Data LLC v. Tegile Systems, Inc. et al* (C.A. No. 18-1267 (CFC)), D.I. 15 and 23.

The '728 patent is a continuation of, *inter alia*, U.S. Patent Application 09/210,491, filed on December 11, 1998. D.I. 1, Ex. A ('728 patent), at 2 ("Related U.S. Application Data"). The '728 patent therefore expired on December 11, 2018. *Id.*; *see* 35 U.S.C. § 154(a)(2) (an issued patent expires "20 years from the date on which the application for the patent was filed in the United States or, if the application contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c), from the date on which the earliest such application was filed").

The Complaint was filed on December 28, 2018, 17 days after the '728 patent expired. D.I. 1 at 32.

The Complaint contains no allegations that Realtime has "complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366; *see generally* D.I. 1.

# ARGUMENT

## I. Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)(6)

> To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(A)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.,* 542 F.3d 59, 64 (3d Cir. 2008).

*VLSI Technology LLC v. Intel Corp.*, No. 18-966-CFC, D.I. 110, at 2 (D. Del., Mar. 26, 2019).

## II. The Asserted Patents Fail to Claim Patent-Eligible Subject Matter Under 35 U.S.C. § 101

Aryaka joins in Defendants Western Digital Technologies, Inc. and Western Digital Corporation's (together, "Western Digital") Motion to Dismiss for Failure to State a Claim (D.I. 14) and Project Taurus, Inc.'s (f/k/a Tegile Systems, Inc.) Motion to Dismiss and Joinder in Western Digital's Motion to Dismiss (D.I. 25) in the related action *Realtime Data LLC v. Tegile Systems, Inc. et al* (C.A. No. 18-1267 (CFC)). Aryaka joins in the opening and reply briefs filed in support of the Western Digital motion (D.I. 15; D.I. 23), the motion and reply brief in support of Project Taurus's motion (D.I. 25, D.I. 30), as well as any supplemental briefing, and expressly incorporates the arguments made therein.

## III. Because the '728 Patent Expired Before Aryaka Received Actual or Constructive Notice Thereof, No Relief Can Be Granted for Any Alleged Infringement

Title 35 of the United States Code provides two varieties of relief for patent infringement: Injunction under 35 U.S.C. § 283, and damages under 35 U.S.C. § 284. But "when the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available." *Kearns*

3

*v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) (citing *Illinois Tool Works, Inc. v. Grip–Pak, Inc.*, 906 F.2d 679, 681 (Fed. Cir. 1990)). Because the '728 patent expired prior to suit, Realtime cannot seek an injunction against any alleged infringement, only damages.[1]

35 U.S.C. §§ 286 and 287 limit the damages available to a patentee on proof of infringement. Of particular impact in the instant case, the patent marking statute, 35 U.S.C. § 287(a), requires that:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). Thus, a patentee who fails to mark any patented article made, offered for sale, sold, or imported by a patentee or its licensees cannot recover damages absent actual notice of patentee's infringement allegations prior to expiration of the patent. "The patentee bears the

---

[1] Aryaka notes that Realtime's "Prayer for Relief" purports to seek "[a] permanent injunction prohibiting Aryaka from further acts of infringement of the '728 Patent, the '751 Patent, the '530 Patent, and the '908 Patent." Complaint, D.I. 1, at 31. As set forth in the body of this motion, the '728 patent expired prior to suit. In addition, because both the '530 patent and the '908 patent claim priority to U.S. patent application Ser. No. 09/266,394, which was filed on Mar 11, 1999, they expired on March 11, 2019. *See* D.I. 1, Exs. C, D ('530 and '908 patents); *see also* 35 U.S.C. § 154(a)(2) (patent expires "20 years from the date on which the … date on which the earliest [priority] application was filed"). Accordingly, no injunctive relief, and less than three months of damages, would be available in the event that Realtime were to prove infringement of the '530 and '908 patents by Aryaka. Aryaka intends to seek the Court's assistance to preserve the Court and the parties' resources by restricting discovery and other activity on Realtime's claims regarding the '530 and '908 patents.

4

burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366 (citing *Maxwell*, 86 F.3d at 1111; *Dunlap*, 152 U.S. at 248).

The Complaint in this action nowhere asserts that Realtime has "complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366; *see generally* D.I. 1. In particular, Realtime does not allege (a) that Realtime provided actual notice to Aryaka before the '728 patent expired; (b) that no authorized patent article has been made, offered for sale, sold, or imported by Realtime or its licensees; or (c) that all patented articles made, offered for sale, sold, or imported by Realtime or its licensees have been marked with the '728 patent.

Although the inquiry should properly end with Realtime's failure to allege complaince with section 281(a), Aryaka notes that, from the very first paragraph of the complaint, Realtime asserts that it has widely licensed its patent portfolio. D.I. 1, ¶ 1. Indeed, Realtime has settled dozens of cases in which it asserted that a defendant infringed the '728 patent.[2] Thus, Realtime

---

[2] Now-dismissed cases filed by Realtime to enforce the '728 patent include at least *Realtime Data LLC d/b/a IXO v. Scality, Inc.*, (D. Mass. No. 1-18-cv-12188); *Realtime Data LLC d/b/a IXO v. infinite io, Inc.*, (D. Del. No. 1-18-cv-01621); *Realtime Data LLC d/b/a IXO v. Exagrid Systems, Inc.*, (D. Del. No. 1-18-cv-01544); *Realtime Data LLC d/b/a IXO v. HyTrust, Inc.*, (D. Del. No. 1-18-cv-01540); *Realtime Data LLC d/b/a IXO v. Datto, Inc.*, (D. Del. No. 1-18-cv-01197); *Realtime Data LLC d/b/a IXO v. Rubrik, Inc.*, (D. Del. No. 1-18-cv-01198); *Realtime Data LLC d/b/a IXO v. Nasuni Corporation*, (D. Del. No. 1-18-cv-01201); *Realtime Data LLC d/b/a IXO v. Nutanix, Inc.*, (D. Del. No. 1-18-cv-01202); *Realtime Data LLC d/b/a IXO v. Hedvig, Inc.*, (D. Del. No. 1-18-cv-01163); *Realtime Data LLC d/b/a IXO v. Riverbed Technology, Inc.*, (N.D. Cal. No. 3-18-cv-03605); *Realtime Data LLC d/b/a IXO v. Facebook, Inc.*, (D. Colo. No. 1-18-cv-01373); *Realtime Data LLC d/b/a IXO v. Cloudera, Inc.*, (D. Del. No. 1-18-cv-00653); *Realtime Data LLC d/b/a IXO v. International Business Machines Corporation*, (E.D. Tex. No. 6-18-cv-00188); *Realtime Data LLC d/b/a IXO v. Huawei Technologies, Co., Ltd. et al*, (E.D. Tex. No. 6-18-cv-00182); *Realtime Data LLC v. Nexenta Systems, Inc.*, (N.D. Cal. No. 3-18-cv-00574); *Realtime Data LLC v. Barracuda Networks Inc.*, (N.D. Cal. No. 3-17-cv-06701); *Realtime Data LLC v. Netgear Inc.*, (N.D. Cal. No. 3-17-cv-06397); *Realtime Data LLC d/b/a IXO v. Cohesity Inc.*, (D. Del. No. 1-17-cv-01543); *Realtime Data LLC d/b/a IXO v. Pure Storage, Inc.*, (D. Del. No. 1-17-cv-01544); *Realtime Data LLC v. Nexenta Systems, Inc.*, (C.D. Cal. No. 2-17-cv-07690); *Realtime Data LLC d/b/a IXO v. Code42 Software, Inc.*, (D. Colo. No. 1-17-cv-02479); *Realtime Data LLC d/b/a IXO v. DISH Network Corporation et al*, (E.D. Tex. No. 6-17-cv-00421); *Realtime Data LLC d/b/a IXO v. EVault, Inc.*, (D. Del. No. 1-17-cv-00972); *Realtime Data LLC d/b/a IXO v. Barracuda Networks, Inc.*, (D. Del. No. 1-17-cv-00893); *Riverbed Technology, Inc. v. Realtime Data LLC d/b/a IXO*, (N.D. Cal.

appears unable to assert that neither it, nor its licensees, have made, offered for sale, sold, or imported any authorized patented article. Realtime's failure to allege compliance with section 287(a) is unexplained and unexcused.

Because the Complaint does not plead that authorized products were marked as required, nor that Aryaka was notified of the alleged infringement prior to expiration, and no injunctive relief is available for infringement of an expired patent, Realtime could not receive any relief were it to prove of infringement of the '728 patent. Realtime has failed to state a claim for infringement of the '728 patent upon which relief could be granted, and Rule 12(b)(6) mandates dismissal accordingly.

## CONCLUSION

The Court should dismiss Realtime's Complaint in its entirety because the Asserted Patents fail to claim patent-eligible subject matter under 35 U.S.C. § 101. Should the Court

---

No. 3-17-cv-03182); *Realtime Data LLC v. Silver Peak Systems, Inc*, (N.D. Cal. No. 4-17-cv-02373); *Realtime Data LLC v. Acronis, Inc.*, (E.D. Tex. No. 6-17-cv-00118); *Realtime Data LLC d/b/a IXO v. Array Networks, Inc.*, (E.D. Tex. No. 6-17-cv-00119); *Realtime Data LLC d/b/a IXO v. Barracuda Networks, Inc.*, (E.D. Tex. No. 6-17-cv-00120); *Realtime Data LLC d/b/a IXO v. Carbonite, Inc. et al*, (E.D. Tex. No. 6-17-cv-00121); *Realtime Data LLC d/b/a IXO v. Circadence Corporation*, (E.D. Tex. No. 6-17-cv-00122); *Realtime Data LLC d/b/a IXO v. CommVault Systems, Inc. et al*, (E.D. Tex. No. 6-17-cv-00123); *Realtime Data LLC d/b/a IXO v. Exinda Inc.*, (E.D. Tex. No. 6-17-cv-00124); *Realtime Data LLC d/b/a IXO v. NETGEAR, Inc.*, (E.D. Tex. No. 6-17-cv-00125); *Realtime Data LLC d/b/a IXO v. Synacor Inc.*, (E.D. Tex. No. 6-17-cv-00126); *Realtime Data LLC d/b/a IXO v. Echostar Corporation et al*, (E.D. Tex. No. 6-17-cv-00084); *Realtime Data LLC d/b/a IXO v. Oracle America, Inc.*, (E.D. Tex. No. 6-17-cv-00046); *Realtime Data LLC d/b/a IXO v. Vembu Technologies, Inc.*, (E.D. Tex. No. 6-16-cv-01037); *Realtime Data LLC d/b/a IXO v. Fujitsu America, Inc. et al*, (E.D. Tex. No. 6-16-cv-01035); *Realtime Data LLC v. Rackspace US, Inc. et al*, (E.D. Tex. No. 6-16-cv-00961); *Realtime Data LLC v. Teradata Operations, Inc.*, (C.D. Cal. No. 2-16-cv-02743); *Realtime Data LLC d/b/a IXO v. Hewlett Packard Enterprise Co. et al*, (E.D. Tex. No. 6-16-cv-00086); *Realtime Data LLC v. Savvis Communications Corporation. et al*, (E.D. Tex. No. 6-16-cv-00087); *Realtime Data LLC d/b/a IXO v. Oracle America, Inc.*, (E.D. Tex. No. 6-16-cv-00088); *Realtime Data LLC d/b/a IXO v. Dell Inc. et al*, (E.D. Tex. No. 6-16-cv-00089); *Realtime Data LLC v. Silver Peak Systems, Inc*, (E.D. Tex. No. 6-17-cv-00071); *Realtime Data LLC v. Hewlett Packard Enterprise Co. et al*, (E.D. Tex. No. 6-18-cv-00383); *Realtime Data LLC v. Veritas Technologies LLC, et al*, (E.D. Tex. No. 6-18-cv-00384); *Realtime Data LLC v. Dell Inc. et al*, (E.D. Tex. No. 6-18-cv-00385).

decline to do so, moreover, the Complaint should also be dismissed because Realtime can receive no relief for any alleged infringement of the '728 patent, which expired prior to suit.

Dated: April 8, 2019

| | |
|---|---|
| |   */s/ Kenneth L. Dorsney* |
| | Kenneth L. Dorsney (#3726) |
| | Erin E. Larson (#6616) |
| OF COUNSEL: | MORRIS JAMES LLP |
| | 500 Delaware Avenue, Suite 1500 |
| Josh M. Masur | Wilmington, DE 19801 |
| ZUBER LAWLER & DEL DUCA LLP | (302) 888-6800 |
| 2000 Broadway Street, Suite 154 | kdorsney@morrisjames.com |
| Redwood City, CA 94063 | elarson@morrisjames.com |
| (650) 434-8538 | |
| jmasur@zuberlaw.com | *Attorneys for Defendant* |
| | ARYAKA NETWORKS, INC. |

7