# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>        Plaintiff,<br><br>        v.<br><br>ARYAKA NETWORKS, INC.,<br><br>        Defendant. | **Case No. 1:18-cv-02062-CFC** |

### PLAINTIFF REALTIME DATA LLC'S ANSWERING BREIF IN OPPOSITION TO DEFENDANT ARYAKA'S MOTION (D.I. 15) TO DISMISS

May 20, 2019

OF COUNSEL:

Marc A. Fenster
Brian D. Ledahl
Reza Mirzaie
Paul A. Kroeger
C. Jay Chung
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
(310) 826-7474
Los Angeles, CA 90025-1031
mfenster@raklaw.com
bledahl@raklaw.com
rmirzaie@raklaw.com
pkroeger@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Realtime Data LLC*

i

## TABLE OF CONTENTS

**Page(s)**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1
II. SUMMARY OF ARGUMENT ........................................................................................... 1
III. STATEMENT OF FACTS .................................................................................................. 1
IV. ARGUMENT ....................................................................................................................... 1
    A. Aryaka fails to demonstrate that any of the claims of the four asserted patents are ineligible under § 101. ................................................................................................. 2
    B. Notice under 35 U.S.C. § 287(a) does not apply to the '728 patent here because Realtime has asserted only the method claim 25 for the '728 patent. ........................... 2
V. CONCLUSION .................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012) .................................................................................... 3

*Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*,
    559 F.3d 1308, 1310 (Fed. Cir. 2009) ..................................................................... 1, 2

*Hanson v. Alpine Valley Ski Area, Inc.*,
    718 F.2d 1075 (Fed. Cir. 1983) ................................................................................... 2

*Intellectual Ventures I LLC v. Symantec Corp.*,
    No. 10-1067-LPS, 2015 WL 294240, at *1 (D. Del. Jan. 21, 2015) ........................... 3

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.*,
    346 F.3d 1057, 1074 (Fed. Cir. 2003) ........................................................................ 3

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Realtime Data LLC ("Realtime") hereby responds in opposition to Defendant Aryaka Networks, Inc.'s ("Aryaka's") motion (D.I. 15) to dismiss first amended complaint.

**II.    SUMMARY OF ARGUMENT**

The two "grounds" on which Aryaka bases its motion to dismiss are both meritless. First, Aryaka's motion under § 101 fails for the same reason as set forth in Realtime's oppositions to the motions that Aryaka references. (*See, e.g.,* C.A. No. 18-1267-CFC at D.I. 20 and 28.)

Second, Aryaka's argument that "Realtime fails to state a claim for infringement of the '728 patent" is premised on Aryaka's incorrect statement of the law regarding § 287(a). Here is the correct law: "the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted." *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1310 (Fed. Cir. 2009). This is so "despite the fact that the patent contained both method and apparatus claims." *Id.* at 1317. Realtime asserts only a method claim (claim 25) in Count I alleging infringement of the '728 patent. (D.I. 13 at ¶ 7.) Accordingly, § 287(a) does not apply, and Aryaka's motion fails.

**III.   STATEMENT OF FACTS**

On April 22, 2019, Realtime filed a First Amended Complaint in this case. (D.I. 13.) Among other things, the First Amended Complaint states "Realtime asserts infringement by Aryaka of only Claim 25 of the '728 Patent, a method claim." (D.I. 13 at ¶ 7.)

Realtime further incorporates by reference the statements of facts and relevant background contained in the opposition papers filed in the related action *Realtime v. Tegile Systems, Inc. et al.* (C.A. No. 18-1267-CFC), *e.g.,* D.I. 20 and 28.

**IV.    ARGUMENT**

1

**A.     Aryaka fails to demonstrate that any of the claims of the four asserted patents are ineligible under § 101.**

Aryaka does not provide any new argument regarding § 101 and instead relies exclusively on other motions filed by other parties. Realtime incorporates by reference Realtime's opposition papers filed in response to all of the motions referenced by Aryaka. (*E.g.,*. C.A. No. 18-1267-CFC at D.I. 20 and 28.) For the reasons set forth in those opposition papers, Aryaka's motion under § 101 should be denied.

**B.     Notice under 35 U.S.C. § 287(a) does not apply to the '728 patent here because Realtime has asserted only the method claim 25 for the '728 patent.**

Aryaka asserts that Count I (infringement of the '728 patent) of the First Amended Complaint should be dismissed because Realtime purportedly did not comply with the marking requirement of 35 U.S.C. § 287(a).[1] Aryaka's argument fails. Section 287(a) does not apply to Realtime's assertion of the '728 patent because Realtime asserts only the method claim (claim 25) of the '728 patent. (D.I. 13 at ¶ 7 ("Realtime asserts infringement by Aryaka of only Claim 25 of the '728 Patent, a method claim.").)

The law is clear: "the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 559 F.3d 1308, 1316-17 (Fed. Cir. 2009). This law has been in effect at least as early as 1983, when the Federal Circuit issued its opinion in *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983), where it held that the notice requirement of § 287 does not apply where "[t]he only claims that were found infringed" are method claims in a patent that included both method and apparatus claims. *Hanson*, 718 F.2d at 1083. The Federal Circuit has since

---

[1] Aryaka's argument regarding § 287(a) is directed solely to Count I of the First Amended Complaint, which allege infringement of the '728 patent. Counts II, III, and IV of the First Amended Complaint alleges infringement of three separate patents—the '751, '530, and '908 patents. Aryaka makes no argument relating to § 287(a) that dismissal is appropriate for these three other counts.

repeatedly upheld this law. *E.g., State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003) (citing favorably the holding in *Hanson*, and stating "section 287 did not apply when only process claims were found infringed and the patent contained apparatus claims"). Indeed, the Federal Circuit in 2009 explained:

> In *Hanson,* 718 F.2d at 1082–83, we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims. … In this case and *Hanson*, the patentee only asserted method claims despite the fact that the patent contained both method and apparatus claims. In *American Medical*, in contrast, "both apparatus and method claims of the '765 patent were asserted." *American Medical*, 6 F.3d at 1523. Because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.

*Crown Packaging*, 559 F.3d at 1316-17; *see also, e.g., Intellectual Ventures I LLC v. Symantec Corp.,* No. 10-1067-LPS, 2015 WL 294240, at *1 (D. Del. Jan. 21, 2015) ("With respect to the '050 and '610 patents, IV has, at all pertinent times, asserted only method claims, and the marking requirement does not apply to method claims.").

Aryaka's assertion that "decades of settled binding precedent" and "unambiguous" law (Mot. at 5-6) supports its argument is false. Indeed, Aryaka ignores *Hanson* and *Crown Packaging* cases where the Federal Circuit addressed precisely the issue here and held that "the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted" even when the patent at issue "included both method and apparatus claims." *Crown Packaging*, 559 F.3d at 1310 & 1316-17.

The only case Aryaka cites in support—*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.,* 694 F.3d 1312 (Fed. Cir. 2012)—does not hold otherwise. In fact, *ActiveVideo* did not involve the application of § 287 to a patent with both method and apparatus claims. Rather, the issue in *ActiveVideo* was whether § 287's marking requirement should be extended to "patents with nothing but method claims, if the patentee also asserts other patents with apparatus claims embodying the same invention in the same litigation." *ActiveVideo*, 694 F.3d at 1335. The

3

*ActiveVideo* court held that it should not be so extended, holding "if the patent is directed only to method claims, marking is not required." *Id.*

The *ActiveVideo* court's statement that "In *American Medical* [*v. Medical Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993)], we held if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims" is merely an inexact misstatement about the holding in *American Medical*, and at best *dicta*. Indeed, unlike the case here, *American Medical* involved a situation where "both apparatus and method claims … were asserted." *American Med.*, 6 F.3d at 1539; *see also Crown Packaging*, 559 F.3d at 1316-17 (directly addressing *American Medical* case). And there is no suggestion that the *ActiveVideo* court intended to disturb the holding in *Crown Packaging* or *Hanson*, as the *ActiveVideo* case cites approvingly of both *Crown Packaging* and *Hanson* cases. *ActiveVideo*, 694 F.3d at 1334 (citing and quoting *Crown Packaging*, 559 F.3d at 1316 and *Hanson*, 718 F.2d at 1083).

Here, in Count I alleging infringement of the '728 patent, Realtime asserted only the method claim—claim 25—of the '728 patent. D.I. 13 at ¶ 7 ("Realtime asserts infringement by Aryaka of only Claim 25 of the '728 Patent, a method claim."). Accordingly, notice requirement of § 287(a) does not apply. The Court should deny Aryaka's motion.

V.  **CONCLUSION**

For the foregoing reasons, the Court should deny Aryaka's motion in its entirety.

4

| | |
|---|---|
| May 20, 2019 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman<br>Stephen B. Brauerman (No. 4952) |
| Marc A. Fenster<br>Brian D. Ledahl<br>Reza Mirzaie<br>Paul A. Kroeger<br>C. Jay Chung<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>(310) 826-7474<br>Los Angeles, CA 90025-1031<br>mfenster@raklaw.com<br>bledahl@raklaw.com<br>rmirzaie@raklaw.com<br>pkroeger@raklaw.com<br>jchung@raklaw.com | Sara E. Bussiere (No. 5725)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Plaintiff Realtime Data LLC* |